UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>(Rural Development)<br><br>    Plaintiff<br><br>            v.<br><br>THE ESTATES OF FELICITA RIVERA SERRANO and RICHARD CRESPO RUIZ Composed by their known heirs VICTOR GORDIAN RIVERA, JOSE GORDIAN RIVERA, LYDIA GORDIAN RIVERA, CARLOS JUAN CRESPO RIVERA, DARLYN CRESPO RIVERA, MARIO CRESPO HERNANDEZ, FELIPE CRESPO HERNANDEZ, RICHARD MANUEL CRESPO GONZALEZ, ELBA IRIS CRESPO GONZALEZ, MARIA ESTHER CRESPO GONZALEZ, AIDA LUZ CRESPO GONZALEZ, MADELINE CRESPO UMPIERRE, JOSE ELIGIO CRESPO UMPIERRE, WANDA JANET CRESPO UMPIERRE, LUIS CHARIEL CRESPO DE JESUS and YARELIS CRESPO DE JESUS<br><br>    Defendants | CIVIL NO. 05-1418(JAF)<br><br>FORECLOSURE OF MORTGAGE |

**JUDGMENT BY DEFAULT**

Upon plaintiff's motion for judgment, and it appearing from the records on file in this proceeding that default was entered by the Clerk of this Court upon defendants FELICITA RIVERA SERRANO, VICTOR GORDIAN RIVERA, JOSE GORDIAN RIVERA, LYDIA GORDIAN RIVERA, DARLYN CRESPO RIVERA, MARIO CRESPO HERNANDEZ, FELIPE CRESPO HERNANDEZ, RICHARD MANUEL CRESPO GONZALEZ, ELBA IRIS CRESPO GONZALEZ, MARIA ESTHER CRESPO GONZALEZ, AIDA LUZ CRESPO GONZALEZ, MADELINE CRESPO UMPIERRE, JOSE ELIGIO CRESPO UMPIERRE, WANDA JANET CRESPO UMPIERRE, LUIS CHARIEL CRESPO DE JESUS, YARELIS CRESPO DE JESUS and CARLOS JUAN CRESPO RIVERA, for failure to answer or

Case 3:05-cv-01418-JAF   Document 17   Filed 09/08/05   Page 2 of 7

USA v. RICHARD MANUEL CRESPO GONZALEZ,  ELBA IRIS CRESPO GONZALEZ,
MARIA ESTHER CRESPO GONZALEZ, AIDA LUZ CRESPO GONZALEZ, MADELINE
CRESPO UMPIERRE, JOSE ELIGIO CRESPO UMPIERRE, WANDA JANET CRESPO
UMPIERRE, CARLOS CRESPO RIVERA
Civil No. 05-1418(JAF)
Page 2

otherwise plead in this case, against which defendants the plaintiff is entitled to a Judgment by Default, and the Court being fully advised in the premises, hereby

ORDERS, ADJUDGES, AND DECREES:

1. On July 31, 1980, original borrowers subscribed a Mortgage Note for the principal amount of $34,700.00 with interest at the rate of 11.50% per annum.

2. Said Mortgage Note was subscribed in favor of or to the order of Rural Development, an agency and instrumentality of the United States of America.

3. For the purpose of securing the payment of said Mortgage Note, a mortgage in the amount of $34,700.00 with interest at the rate of 11.50% per annum was constituted by Benigno Díaz Alamo and Justina Navarrro Vázquez in favor of plaintiff and under the terms and conditions stipulated and agreed therein, through Deed Number 38 dated July 1, 1980, before the Notary Public Jose F. Velazquez Ortiz. Copy of said mortgage, which is duly recorded at the corresponding section of the Property Registry.

On September 3, 1987, defendants assumed the first Mortgage Note for the amount of $33,357.20 with interest at the rate of 9.00% per annum. Said assumption agreement, in which they agreed to assume the mortgage obligation subject of this action was constituted by Deed Number 185, dated September 3, 1987, before

Case 3:05-cv-01418-JAF   Document 17   Filed 09/08/05   Page 3 of 7

USA v. RICHARD MANUEL CRESPO GONZALEZ, ELBA IRIS CRESPO GONZALEZ, MARIA ESTHER CRESPO GONZALEZ, AIDA LUZ CRESPO GONZALEZ, MADELINE CRESPO UMPIERRE, JOSE ELIGIO CRESPO UMPIERRE, WANDA JANET CRESPO UMPIERRE, CARLOS CRESPO RIVERA
Civil No. 05-1418(JAF)
Page 3

Notary Public Ernesto J. Hernández Barreras.

4. According to the Property Registry, the defendants herein, FELICITA RIVERA SERRANO, VICTOR GORDIAN RIVERA, JOSE GORDIAN RIVERA, LYDIA GORDIAN RIVERA, DARLYN CRESPO RIVERA, MARIO CRESPO HERNANDEZ, FELIPE CRESPO HERNANDEZ, RICHARD MANUEL CRESPO GONZALEZ, ELBA IRIS CRESPO GONZALEZ, MARIA ESTHER CRESPO GONZALEZ, AIDA LUZ CRESPO GONZALEZ, MADELINE CRESPO UMPIERRE, JOSE ELIGIO CRESPO UMPIERRE, WANDA JANET CRESPO UMPIERRE, LUIS CHARIEL CRESPO DE JESUS, YARELIS CRESPO DE JESUS and CARLOS JUAN CRESPO RIVERA, appear as owners of record of the real estate property subject of this case, and which property is described as follows:

> "URBANA: Solar radicado en el Barrio Florida de San Lorenzo, Puerto Rico, en la URBANIZACION CIUDAD MASSO, que se describe en el Plano de Inscripción de dicha urbanización con el número, área y colindancias que se relacionan a continuación:
>
> NUMERO DEL SOLAR: CINCO (5) del bloque "M".
>
> AREA DE SOLAR: Con una cabida superficial de trescientos sesenta y dos punto cincuenta (362.50) metros cuadrados.
>
> EN LINDES: En lindes por el Norte, en catorce punto cincuenta (14.50) metros con la calle número quince (15), por el Sur, en catorce punto cincuenta (14.50) metros con los lotes once (11) y doce (12) del bloque "M", por el Este, en veinticinco punto cero cero (25.00) con el lote seis (6) del bloque "M" y por el Oeste, en veinticinco punto cero cero (25.00) metros con el lote cuatro (4) del bloque "M".
>
> En el solar antes descrito enclava una casa de una sola planta, de concreto reforzado y bloques de concreto, para fines residenciales".

Case 3:05-cv-01418-JAF   Document 17   Filed 09/08/05   Page 4 of 7

USA v. RICHARD MANUEL CRESPO GONZALEZ, ELBA IRIS CRESPO GONZALEZ, MARIA ESTHER CRESPO GONZALEZ, AIDA LUZ CRESPO GONZALEZ, MADELINE CRESPO UMPIERRE, JOSE ELIGIO CRESPO UMPIERRE, WANDA JANET CRESPO UMPIERRE, CARLOS CRESPO RIVERA
Civil No. 05-1418(JAF)
Page 4

Plaintiff's mortgage is recorded at folio 278, volume 246 of San Lorenzo, property number 12,746, first inscription, at the Registry of the Property of Caguas Section II, Puerto Rico.

5. The defendants herein owners of record of this property have failed to comply with the terms and conditions of the mortgage contract and have refused to pay the stipulated monthly installments, in spite of plaintiff's demands and collection efforts.

6. According to the terms and conditions of the mortgage contract if default is made in the payment of an installment under the note, and said default is not made good prior to the due date of the next installment, the entire principal sum and accrued interest shall at once become due and payable at the option of the holder.

7. The defendants' indebtedness with the plaintiff is:

    a) $26,956.44 aggregate principal;

    b) $13,931.68 of interest accrued as of May 5, 2003, and thereafter until its full and total payment, which interest amount increases at the daily accrual rate of $6.65;

    c) $17,510.56 of Subsidy Recapture;

    d) Plus insurance premium, taxes, advances, late charges, costs, court costs, disbursements and attorneys fees guaranteed under the mortgage obligation.

USA v. RICHARD MANUEL CRESPO GONZALEZ,  ELBA IRIS CRESPO GONZALEZ, MARIA ESTHER CRESPO GONZALEZ, AIDA LUZ CRESPO GONZALEZ, MADELINE CRESPO UMPIERRE, JOSE ELIGIO CRESPO UMPIERRE, WANDA JANET CRESPO UMPIERRE, CARLOS CRESPO RIVERA
Civil No. 05-1418(JAF)
Page 5

8. Defendants, as debtors of the amounts prayed for in the complaint, are hereby ORDERED AND ADJUDGED to pay unto the plaintiff the amounts specified and set forth in the preceding paragraph 6.

9. In default of the payment of the sums herein specified or of any part thereof within the ten (10) days from the date of entry of this judgment, said property shall be sold by the Marshal of this Court at public auction to the highest bidder thereof, without an appraisement or right of redemption for the payment and satisfaction of plaintiff's mortgage within the limits secured thereby.

10. The Marshal of this Court shall make the sale hereinabove mentioned in accordance with 28 U.S.C. Section 2001 and Section 2002 and the applicable provisions of the Commonwealth of Puerto Rico Mortgage Law.  The notice of sale shall be published in a newspaper of general circulation once a week during four (4) consecutive weeks.  The amount of $34,700.00 shall serve as the minimum bid for the first public sale.  Should the first public sale fail to produce an award or adjudication, two-thirds of the aforementioned amount shall serve as the minimum bid for the second public sale.  Should there be no award or adjudication at the second public sale, the basis for the third sale shall be one-half of the amount specified as minimum bid for the first public sale.

Case 3:05-cv-01418-JAF   Document 17   Filed 09/08/05   Page 6 of 7

USA v. RICHARD MANUEL CRESPO GONZALEZ, ELBA IRIS CRESPO GONZALEZ, MARIA ESTHER CRESPO GONZALEZ, AIDA LUZ CRESPO GONZALEZ, MADELINE CRESPO UMPIERRE, JOSE ELIGIO CRESPO UMPIERRE, WANDA JANET CRESPO UMPIERRE, CARLOS CRESPO RIVERA
Civil No. 05-1418(JAF)
Page 6

The Marshal of this Court shall proceed to issue the corresponding notice of sale to be published in a newspaper of general circulation without the need of further orders or writs from this Court. Such sale shall be subject to the confirmation of this Court. Upon confirmation the Marshal shall execute the corresponding deed of judicial sale to the purchaser and he shall be entitled to the delivery of the property sold and its physical possession, in accordance with law. Said possession may be obtained through eviction of the occupant of the property without the need of further order of this Court if executed within sixty (60) days from the confirmation of the public sale.

11. Any funds derived from the sale to be made in accordance with the terms of this judgment and such further orders of this Court shall be applied as follows:

    a) To the payment of all proper expenses attendant upon said sale;

    b) To the payments of that part of the indebtedness owed to the plaintiff in the same order and for the amounts specified, and set forth in the preceding paragraph 6;

    c) If after making the above payments there shall be surplus, said surplus shall be delivered to the Clerk of this Court, subject to further orders of the Court;

Case 3:05-cv-01418-JAF   Document 17   Filed 09/08/05   Page 7 of 7

USA v. RICHARD MANUEL CRESPO GONZALEZ, ELBA IRIS CRESPO GONZALEZ, MARIA ESTHER CRESPO GONZALEZ, AIDA LUZ CRESPO GONZALEZ, MADELINE CRESPO UMPIERRE, JOSE ELIGIO CRESPO UMPIERRE, WANDA JANET CRESPO UMPIERRE, CARLOS CRESPO RIVERA
Civil No. 05-1418(JAF)
Page 7

d) In the case the proceeds from the said sale are not sufficient to cover the full amounts owing to the plaintiff, the plaintiff shall be entitled to a deficiency judgment against the defendant and shall have execution therefor.

12. The Property Registrar of the corresponding Property Registry of Puerto Rico shall proceed to the recording of the judicial sale deed in favor of the purchaser, free of any liens subsequent to the date of the execution of the foreclosed mortgage.

13. Plaintiff in these proceedings may apply to this Court for such further orders as it may deem advisable to its interest in accordance with the terms of this Judgment and the Clerk shall proceed to issue of course all necessary writs to enforce and execute the same. Fed.R.Civ.P. 77(a).

In San Juan, Puerto Rico, this 7th day of September, 2005.

UNITED STATES DISTRICT JUDGE